■ In the Matter of the Claim of MELVIN PARKS, Respondent, against MICHAEL DE FRANCO et al., Appellants, and MERCHANTS MUTUAL INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, the appellant carrier, charged with one half of the award, contending that no accident occurred within the

period of its coverage. In October, 1949, while the respondent carrier was on the risk, claimant sustained accidental injuries as to which there is no dispute and which resulted in an intervertebral disc protrusion. Claimant was disabled for over 15 months, and thereafter and until some time in August, 1952 performed about two thirds of his usual work of driving a tractor-trailer and loading and unloading cases and barrels of beer. The liability of the second carrier, the appellant, is predicated on a finding that: "On August 20, 1952 * * * while loading cases of beer * * * [claimant] was caused to suffer severe pains in his back and in his right leg and an aggravation of a pre-existing back condition which necessitated an operation for a herniated intervertebral disc, and all of which caused him to be disabled." Thus, and although this episode is later characterized as an accidental injury, the board found no second accident, in express terms at least, and in our view of the record there was no substantial proof of a second accident. Claimant testified that after the first accident he had been in pain "at all times" and had received medical treatment, that the pain increased and about August 1, 1952, while he was unloading beer, "happened to catch me more than it has been" and kept getting worse until August 22, when he stopped work and entered the hospital. Examined further as to the episode of pain about August 1, claimant said that the pain came on over a period of hours; that he had had similar increases in pain between January, 1950 and August, 1952; that he claimed no sudden strain or untoward event in August, 1952; and that the August episode was not the first time he had experienced recurrence of severe pain. As to his work at the time of that incident, he said that he was unloading cases of beer and that, although he usually had assistance, he had previously unloaded without help "lots of times". He said further that his back was paining him before he started unloading and that the load was no larger than those he had previously handled alone. Except for an opinion of the operating surgeon, which was later retracted, the only medical evidence supporting an aggravation of claimant's condition by accidental means consists of statements in reports of an impartial specialist referring to a "second injury". There is no indication whatsoever that the physician's conclusion was upon a factual basis different from, or of greater substance than that afforded by claimant's testimony. Decision and award as against appellant carrier reversed, and matter remitted to the Workmen's Compensation Board for further proceedings, with costs to appellant carrier against respondent carrier. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.